## STATE v. GEORGE F. HOUGHTON.

GRAND ISLE COUNTY, 1893.

Before :  Ross, CH. J., TAFT AND ROWELL, JJ.

*Power of fish warden to make complaint.*

1.  The statutory power to prosecute does not carry with it the power to make complaint.

2.  Under R. L. 3,871, as amended by various acts down to and including the acts of 1892, a fish warden had no authority to begin a prosecution by complaint unless the offence was committed within the town for which he was appointed, or unless the respondent was arrested by him on view within the county of his appointment.

Appeal from the judgment of a justice of the peace. Heard at the August term, 1892, START, J., presiding, upon motion to dismiss and demurrer to the complaint. The court overruled both the motion and demurrer. The respondent excepts.

The complaint was signed by one H. P. Fisher, who made it as "fish warden for the State of Vermont and within and for the county of Grand Isle," and it alleged that the respondent "at Alburg, in said county of Grand Isle," did take and have in his possession certain fish in violation of law. The only question raised by the motion and demurrer was whether Fisher had authority to make the complaint.

*H. A. Burt* and *D. G. Furman* for the respondent.

It does not appear from the complaint that Fisher had authority to sign it. *State* v. *Soragan*, 40 Vt. 450.

*Wilson & Hall* and *Jed P. Ladd, Jr.*, State's Attorney, for the State.

The matters insisted upon are matters of abatement merely, and, not having been insisted upon before the justice, are waived.    *University of Vermont* v. *Joslyn*, 21 Vt. 52; *Pollard* v. *Wilder*, 17 Vt. 48;    *Wheelock* v. *Sears*, 19 Vt. 559; *Hill* v. *Morey*, 26 Vt. 178; *Probate Court* v. *Strong*, 24 Vt. 146; *Huntley* v. *Henry*, 37 Vt. 165.

The opinion of the court was delivered by

TYLER, J.   By section 3,871, R. L., fish wardens appointed by selectmen had power to arrest within their county, on view, persons found violating the law for the preservation of fish, to take them immediately before the proper court or magistrate, make complaint against and prosecute them for such offences.   This section was amended by No. 117, Laws of 1882, so as to give fish wardens so appointed power to arrest on any of the waters, public or private, of this State, or on the waters of Lake Champlain, or on the shores thereof, persons found violating that law, and to prosecute such offenders before the proper tribunal. Section 3,871 was again amended by No. 73, Laws of 1884, so as to make it compulsory upon selectmen to appoint fish wardens in their respective towns.   While both these amendments enlarge the powers of these officers in respect to making arrests, and continue their authority to prosecute, they expressly take away their authority to make complaint.

No. 129, Laws of 1888, conferred upon the fish commissioners authority to appoint temporary fish wardens, who should have the same powers that were possessed by those officers when appointed by selectmen under section 3,871, R. L., as it then stood amended.

In 1890, section 3,871 was further amended by Act No. 58, which gave fish wardens appointed by selectmen power

to arrest, within the county, on view, persons found violating the law, and to make complaint and prosecute for such offences. It will be observed that this act conferred upon fish wardens no authority to make complaint except in cases where arrests were made on view in their own counties.

It is true that, by No. 74, Laws of 1886, fish wardens have authority to prosecute for violations of this law in their own towns, and for this purpose they have the same powers that town grand jurors have in criminal prosecutions. By this act they are made complaining officers for offences under this law, when committed in their own towns.

It is not alleged in this complaint that the respondent was arrested on view, nor that the violation of the law was within the fish warden's own town, therefore he was not a complaining officer by ·virtue of any law of this state. The power to prosecute does not carry with it the power to make complaint. For this purpose there must be express authority of law. This was the view of the court in *Sheets* v. *Atherton*, 62 Vt. 229.

*Judgment reversed, complaint adjudged insufficient on demurrer and dismissed.*